UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KATHY SCOTT,

                Plaintiff,                              *Class Action*

   -against-                                 ***COMPLAINT***

NIAGARA CREDIT SOLUTIONS. INC.,

                Defendant.

-------------------------------------------------------------X

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, Niagara Credit Solutions Inc., alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Tampa, Florida.

3. Upon information and belief, defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its executive office and principal place of business in Williamsville, New York.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the plaintiff from one Commerce, N.A.

7. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and or assigned to the defendant for collection.

8. That on or about February 13, 2008, the Defendant attempted to contact the Plaintiff by telephone.

9. That on or about February 13, 2008, Defendants agent, one "Stacy," called and spoke to Plaintiff's mother, advising that Defendant was calling in regards to a "bounced check" and was going "to prosecute" the plaintiff if the call was not returned.

10. That the following day, February 14, 2008, the plaintiff called Defendants agent, Stacy, and advised the Defendant that the Defendant had breached a prior payment arrangement by automatically deducting unauthorized funds from the Plaintiff's account and causing her to accumulate excessive overdraft fees on dates when there was no agreement to deduct said funds in a sum that had not been agreed to by the Plaintiff.

11. That Defendants agent responded by attempting to modify new arrangements for repayment of the debt but plaintiff advised that at the time she did not have the ability to enter into any new payment arrangements and already had incurred unnecessary overdraft fees as a result of Defendants unauthorized deductions.

12. That on or about February 21, 2008, Defendants agent, one "Chris," called the plaintiff again at her parents residence and advised that he need to speak with the plaintiff "right away."

13. That plaintiff's parents advised that the Plaintiff was at work and could not take calls and Chris stated that he had tried calling the Plaintiff's cell phone but could not reach the Plaintiff which is why he needs to contact her parents.

14. That Chris persisted, asking Plaintiffs parents if they knew "there was a warrant out for her arrest," referring to the plaintiff, and then advised plaintiff father that he was "harboring" a fugitive.

15. That Chris continued threatening plaintiff's father and stated that they "would be on a first name basis by the time this was over."

16. That Chris then inquired as to the plaintiffs marital status and stated that it was "weird" that the plaintiff was not married.

17. That later on February 21, 2008, plaintiff called the Defendant asking to speak with Chris and advised that they should not be calling her parents, threatening and harassing them as it was an extreme abuse of the law and violation of her legal rights, which resulted in Chris yelling at her and in an altercation broke out on the telephone until the call was ultimately terminated.

18. That on or about February 22, 2008, Defendants persistently called the plaintiffs telephone several times a day, unanswered, and did not leave any messages.

19. That on or about Febraury 27, 2008, Defendants agent again called family residence of the Plaintiff, asking plaintiffs mother if Kathy had any brothers since, "they [her parents] would not help, maybe he will."

20. That on or about March 3, 2008, Defendants agent, Chris, again contacted the plaintiff, and falsely threatened that he "needs to do something with the account, or he would have you [Kathy Scott] arrested!"

21. That the Defendants actions caused additional and unnecessary stress for the plaintiff and caused her extreme humiliated through false threats and accusation that were made to third parties, ie., family members of the Plaintiff.

21. That the plaintiff suffers and has suffered from severe anxiety which was seriously aggravated by means of defendants's conduct.

22. Defendants conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), and (f) in that communications the third parties and to the

plaintiff by the defendant are false, deceptive, unfair, threatening and suggestive of criminal behavior and done in furtherance of abusing the plaintiff to coerce payment of a disputed debt, under duress and harassment coupled with unauthorized automatic deductions from the Plaintiffs bank account resulting in actual damage to the plaintiff.

23. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

24. Plaintiff realleges paragraphs 1 through 23 as if fully restated herein.

25. The first cause of action is brought on behalf of plaintiff and the members of a class.

26. The class consists of consumers who received the same telephonic communications and harassment by agents of the Defendant in similar form and/or substance as did the plaintiff.

27. The Class consists of all persons whom (a) defendant's records reflect resided in the United States and who (b) received harassing communications from the defendant that contained false threats, deceptive statements and/or failed to advise the consumer that the call was from a debt collector in violation of 15 U.S.C. § 1692e, and (c) failed to meaningfully disclose their identity in violation of 15 U.S.C. § 1692d, and e, and/or communicated the consumers debt status to third parties, in an effort to embarrass and humiliate the consumer.

28. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(A)     Based on the fact that abusive communications by agents are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B)     There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA by failing to follow appropriate procedures.

(C)     The only individual issue is the identification of the consumers who received the communications (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant as records and documentation form of complaints to the BBB and the Department of ConsumerAffairs indicate that a class of complainants exist.

(D)     The claims of the plaintiff are typical of those of the class members. All are based on similar facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

29.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

32. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following: (e) and (d)

   (a) Defendant violated 15 U.S.C. § 1692e by using deceptive means in an attempt to collect a debt;

   (b) Defendant violated 15 U.S.C. § 1692d by failing to meaningfully disclose their identity.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

   (a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

   (b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

   (c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

Dated: New York, New York
January 25, 2009

_____
Amir J. Goldstein, Esq. (AG-2888)
Attorney at Law
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

_____
Amir J. Goldstein  (AG-2888)