UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHY SCOTT,

                          Plaintiff,

v.                                   **DECISION AND ORDER**
                                                          09-CV-113S

NIAGARA CREDIT SOLUTIONS, INC.,

                          Defendant.

1.     Plaintiff, Kathy Scott, filed this action against Defendant, Niagara Credit Solutions, Inc., ("Niagara"), on January 30, 2009, seeking redress for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("the FDCPA"). On April 12, 2011, Plaintiff accepted Defendant's Offer of Judgment for $3,001.00 pursuant to Rule 68 of the Federal Rules of Civil Procedure. (Docket No. 29.) Two months later, on May 10, 2011, Scott moved for attorney fees. That motion is presently before this Court. (Docket No. 33.) Also before this Court, described in more detail below, is Plaintiff's motion relating to a dispute between the parties concerning payment of the agreed-upon judgment award. (Docket No. 39.) For the following reasons, Plaintiff's attorney-fee motion is granted and its "judgment-payment" motion is denied.

2.     Considering the attorney-fee motion first, under the governing statute, "[a] consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991) (quoting 15 U.S.C. § 1692k(a)(3)). Scott is the successful party in this litigation, and Defendant does not contest Plaintiff's entitlement to an award of attorney's fees and costs, but instead contests the reasonableness of those fees.

3. In Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110 (2d Cir.2007), *amended on other grounds by*, 522 F.3d 182 (2d Cir. 2008), the Second Circuit "undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time" in the circuit and district courts. Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In particular, the court sought to reconcile the "lodestar" method of determining fees (the product of the attorney's usual hourly rate and the number of hours billed, subject to adjustment based on case-specific considerations to arrive at a "reasonable fee"), with the method developed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), which considered twelve specific factors to arrive at the "reasonable fee". Arbor Hill, 493 F.3d at 114. "Relying on the substance of both approaches, [the Second Circuit] set forth a standard that [it] termed the 'presumptively reasonable fee.'" Simmons, 575 F.3d at 174. District courts now are directed to set a reasonable hourly rate, bearing in mind all the case-specific variables the Second Circuit and other courts have identified as relevant to the reasonableness of attorney's fees, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." Arbor Hill, 493 F.3d at 117.

4. To arrive at that fee, district courts must also consider the twelve Johnson factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

5. Plaintiff seeks a total judgment for fees and costs in the amount of $22,025.00. This is based on 88.1 hours of attorney time billed at an hourly rate of $250 per hour and $827.50 in costs. (Goldstein Declaration, ¶ 25; Docket No. 33-1.)

Niagara argues that the expenditure of time claimed in this case is excessive and raises several specific objections. Niagara seeks to limit the fee award because: (1) Plaintiff did not obtain recovery for the putative class, which she initially sought to represent; (2) Plaintiff's entries include clerical tasks; (3) entries are duplicitive; (4) time should be excluded after the acceptance of the offer; (5) the hourly rate is unreasonable; (6) generally, Plaintiff's attorney took too long to perform certain tasks; and (7) mediation fees are not taxable costs.

Considering the Johnson factors, this Court has carefully reviewed Plaintiff's motion and Niagara's opposition and determined that Plaintiff's fee should be reduced.

6. First, Niagara argues that much of the time expended in this case related to the class certification issue and that, because a class was never certified and there was no class recovery, the time spent in discovery and mediation should be reduced. This Court agrees as only the time expended in effecting recovery for Kathy Scott is properly recovered. See 15 U.S.C. § 1692k(a)(3); see also Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) ("[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees."). Discovery, related motions and mediation accounted for 33.1 hours. Niagara contends that all this time should be eliminated. But this Court finds that request to be too extensive and will

instead reduce the time by half, to 16.5 hours. This Court finds that this reduced figure is a more reasonable representation of the hours necessary for discovery, motions, and mediation given the relatively straightforward nature of the case, and the labor and skill required to prosecute a commonplace FDCPA claim. See Johnson, 488 F.2d at 717-19 (factors one through three).

7.      Second, this Court will reduce counsel's claim for what appears to be clerical work. Niagara objects to these entries and Plaintiff does not respond to those objections. This accounts for .4 hours from June 16 and July 20, 2009, .1 hour on October 1, 2009, and .5 hour from April 3, January 4, and January 5, 2009. This totals 1.0 hour.

8.      Third, pursuant to the settlement agreement, no time is taxable after Plaintiff accepted the offer of settlement, which was entered on April 12, 2011. (Docket No. 29.) This objection is also unopposed by Plaintiff. This time amounts to 14 hours.

9.      Fourth, time expended in leaving 11 phone messages will be reduced from 2.0 hours to the more reasonable .5 hour.

10.     Fifth, Niagara objects to mediation costs as not taxable under 28 U.S.C. § 1920. Defendant, once again, does not respond to this objection. Thus, those costs will deducted from Plaintiff's request, leaving $430.00 in taxable costs ($350 filing fee and $80 process server fee). See Nicholas v. Allianceone Receivables Mgmt., Inc., No. 11-13764, 2012 WL 48033, at *1 (11th Cir. Jan. 10, 2012) (affirming district court's finding that plaintiff was not entitled to mediation fees in FDCPA case because those costs are not taxable under 28 U.S.C. § 1920).

11.     Finally, recent cases in this District set reasonable attorney rates in debt collection cases at $215 per hour for partners, $180 per hour for associates, and $50 per

hour for paralegals. See, e.g., Ward v. Lombardo, Davis & Goldman, LLC, No. 11-CV-114, 2011 WL 2600642, at *3-*4 (W.D.N.Y. June 29, 2011); Flegal v. First Source Advantage, LLC, No. 10–CV–771, 2011 WL 1793171, at *3 (W.D.N.Y. May 9, 2011); Fajer v. Kaufman, Burns & Assocs., No. 09–CV–716, 2011 WL 334311, at *5 (W.D.N.Y. Jan., 28, 2011); Hoover v. W.N.Y. Capital, No. 09–CV–955, 2010 WL 2472500, at *3 (W.D.N.Y. June 16, 2010). Considering this and the fact that Plaintiff's lawyer has been practicing in this field of law for only 6 years, (see Goldstein Declaration, ¶ 13), this Court will reduce his rate from $250 to $215. See Johnson, 488 F.2d at 717-19 (ninth factor).

In all other respects, this Court finds Plaintiff's claim of attorney time and costs to be reasonable.

12.     Accordingly, this Court finds that Plaintiff is entitled to recovery for 55.1 attorney hours billed at $215 per hour and $430 in costs. Consequently, the Clerk of the Court will be directed to enter judgment in Plaintiff's favor against Defendant in the amount of $12,276.50.

13.     Turning to Plaintiff's second motion, the parties are apparently unable to come to a mutually agreeable resolution regarding payment of the agreed-upon judgment. Although Plaintiff accepted Defendants $3,001.00 judgment offer and Niagara has tendered a check for the judgment amount, no money has yet made it into the hands of Kathy Scott. This is because Niagara made the check payable to "Kathleen M. Scott," but Plaintiff's attorney demanded that the check, pursuant to office policy, be made payable to his escrow account. This, Niagara was unwilling to do. Whether or not this was a necessary or felicitous response to Plaintiff's request, Niagara did not err by making the judgment payable to Kathy Scott because the plain language of the FDCPA renders

Niagara liable to Kathy Scott, not Kathy Scott's attorney. See 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to *such person . . .*" (emphasis added); accord Hester v. Graham, Bright & Smith, P.C., 289 Fed. Appx. 35, 2008 WL 2958984, at *8 (5th Cir. Aug. 4, 2008) ("The FDCPA provides that the person who recovers damages for a statutory violation, not that person's attorney, should recover a reasonable attorney's fee."). As such, Niagara may make payment to Kathy Scott directly.[1]

****

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in Plaintiff's favor against Niagara in the amount of $12,276.50.

FURTHER, Niagara is entitled to make its judgment payment to Kathy Scott directly.

SO ORDERED.


Dated:   March 6, 2012
         Buffalo, New York

                                                    /s/William M. Skretny
                                                    WILLIAM M. SKRETNY
                                                    Chief Judge
                                                    United States District Court

---

[1] Despite each party's request to the contrary, no fees will be awarded with respect to this motion. See Hoover, 2010 WL 2472500, at *3 (citing Molinar v. Coleman, No. 3:08-CV-1430-M, 2009 WL 435274, at *3 (N.D.Tex. 2009)) ("The plain language of the statute states that 'the costs of the action' itself may be recovered, but does not provide for costs incurred in enforcing a resulting judgment.").